UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEONARD G. NOLLEN, ) | |
| ) No. CV-10-214-JPH | |
| Plaintiff, ) | |
| ) ORDER GRANTING DEFENDANT'S | |
| v. ) MOTION FOR SUMMARY JUDGMENT | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on May 20, 2011 (ECF No. 10, 12). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Nancy A. Milshalanie represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (ECF No. 4). On April 18, 2011, plaintiff filed a reply (ECF No. 14). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**ECF No. 12**) and **DENIES** plaintiff's motion for summary judgment (**ECF No. 10**).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and for supplemental security income (SSI) on February 6, 2007, alleging disability beginning March 3, 2006 (Tr. 97-98, 116). The applications were denied initially and on reconsideration (Tr. 58-61, 64-67).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                - 1 -

At a hearing before Administrative Law Judge (ALJ) Robert S. Chester on September 24, 2008, plaintiff, represented by counsel, and a vocational expert testified (Tr. 26-53). On November 14, 2008, the ALJ issued an unfavorable decision (Tr. 11-22). The Appeals Council denied Mr. Nollen's request for review on May 12, 2010 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 8, 2010 (ECF No. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here where relevant.

Plaintiff was 42 years old at the hearing (Tr. 42). He lived with a roommate in a basement apartment (Tr. 30-31). Mr. Nollen has an eighth or ninth grade education and last worked in 2005 or 2006 in construction (Tr. 32-34, 125, 160, 483). He suffered frostbite and gangrene to his feet in February 2006 and was unable to work afterwards (Tr. 31-34; 197, 247, 313). Mr. Nollen testified he is depressed "a lot" (Tr. 35, 47).

He experiences foot pain, numbness, and hypersensitivity (Tr. 43). He takes pain medication. Plaintiff quit drinking four to five months before the hearing. He can walk one to three blocks, stand 30 minutes, and sit ten to fifteen minutes (Tr. 37-40, 44). He cannot carry weight while walking. He experiences sleep problems due to pain, and elevates his feet at least seven times a day, for 15 minutes to a half hour (Tr. 44-45). Mr. Nollen cooks,

washes dishes, plays board games, and watches television (Tr. 41-42, 45-47). He has never received mental health treatment.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment

is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1)

plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)© and 1382 (a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

There is evidence of DAA[1] but the ALJ found plaintiff is not disabled.

---

[1] *See e.g.*, in June 2006 plaintiff was diagnosed with acute alcohol intoxication (Tr. 190). In July 2006 he gave a breathalyzer reading of 192 (Tr. 177-178).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 5 -

1 **STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6 -

evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

ALJ Chester found plaintiff was insured for DIB purposes through June 30, 2008 (Tr. 11, 13). At step one, he found although plaintiff worked after onset on March 3, 2006, Mr. Nollen did not engage in substantial gainful activity after that date (Tr. 13). At step two he found plaintiff suffers from bilateral foot pain, status post partial amputation right great toe; depressive disorder, NOS with anxiety symptoms, and alcohol abuse (by history, self-reported remission), impairments that are severe but do not alone or in combination meet or medically equal a Listed impairment (Tr. 13-14). The ALJ assessed an RFC for a range of light work[2] when DAA is excluded (Tr. 20). Relying on the VE, at step four he found plaintiff is unable to perform his past work

---

[2]The ALJ's assessed RFC is based on that assessed by Mr. Bingham and Dr. Wolfe (Tr. 475-481,

(Tr. 50). At step five, again relying on the VE, he found there are other jobs plaintiff can perform, such as assembling small products, hand packaging, and agricultural sorting. These are all unskilled sedentary jobs (Tr. 21, 50-52). The ALJ found plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 21-22).

**ISSUES**

Plaintiff contends the Commissioner erred when he found Mr. Nollen less than fully credible and when he weighed the evidence of limitations (ECF No. 11 at 9-14).

The Commissioner asserts the ALJ's decision is supported by substantial evidence and free of legal error, and asks the Court to affirm (ECF No. 13 at 3).

**DISCUSSION**

**Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir.

1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff alleges the ALJ improperly weighed the opinions of examining doctor George Bagby, M.D. (ECF No. 11 at 10-14), reviewing consultant Tony Bingham[3], examining psychologist

---

[3] Also referred to in the record as Tony Bingaman (Tr. 481).

Samantha Chandler, Psy.D., and reviewing consulting psychologist James Bailey, Ph.D. (ECF No. 11 at 14).

The Commissioner asserts (1) any error in rejecting Dr. Bagby's opinion is harmless, since he assessed an RFC for sedentary work and all of the jobs identified by the VE are sedentary. (2) The ALJ properly credited Mr. Bingham's opinion because (although Mr. Bingham is not a medical doctor), his opinion was affirmed on September 19, 2007, by reviewing doctor Charles Wolfe, M.D. (3) The ALJ properly gave greater weight to Dr. Chandler's opinion because she examined plaintiff and Dr. Bailey did not, and (4) error if any is harmless because the RFC assessed by the ALJ is consistent with Dr. Bailey's opinion (ECF No. 13 at 7-13).

*Dr. Bagby*

Dr. Bagby examined plaintiff on December 20, 2006, about nine months after onset. Plaintiff takes codeine for foot pain. He reports a significant past alcohol problem but has been sober for five months. Dr. Bagby examined plaintiff and reviewed records from Colorado Springs. While living there in March 2006, Mr. Nollen became extremely intoxicated and suffered frostbite and gangrene in his feet. He was hospitalized for 30 days and had part of a toe amputated. Dr. Bagby reviewed current x-rays (Tr. 319). He diagnosed post gangrenous trauma of both feet, an old ankle fracture united with minimal arthritis, and "[a]pparent normal motivation and a history of past alcoholism." He assessed an RFC for sedentary work for 12 months and opined plaintiff should have vocational counseling to transition into sedentary work (Tr. 317-

324).

Any error by the ALJ in rejecting Dr. Bagby's opinion is clearly harmless, as the Commissioner accurately observes, since all of the jobs identified by the VE are sedentary (ECF No. 13 at 8-10).

*Mr. Bingham*

Mr. Bingham reviewed the record on May 29, 2007 (Tr. 474-481). Plaintiff alleges because Mr. Bingham is not a medical consultant, the ALJ erred by relying on his opinion (ECF No. 11 at 11). On September 19, 2007, Charles Wolfe, M.D., approved Mr. Bingham's RFC assessment (Tr. 513). There is no error.

*Dr. Chandler*

The ALJ observes in June 2007 plaintiff told Dr. Chandler he "had difficulty concentrating and focusing on and tracking what other people were saying because of the constant pain in his feet" (Tr. 19, referring to Tr. 482). However, Dr. Chandler notes that during the mental status exam, plaintiff was able to follow the conversation without difficulty (Tr. 19, 484).

Plaintiff told Dr. Chandler he cannot work because he is unable to walk very far, stand or sit very long, and, as noted, has trouble concentrating because he is distracted by constant foot pain. He is fatigued because pain interferes with sleep. In 2006, while living in Colorado Springs, he got drunk, passed out, and his feet froze (Tr. 482). Dr. Chandler diagnosed depressive disorder NOS with anxiety symptoms, and alcohol abuse (by history, self-reported remission for three weeks). She assessed a GAF of 61

indicating mild symptoms or some difficulty functioning, but generally functioning pretty well, with some meaningful interpersonal relationships. She opined plaintiff was capable of understanding, remembering, and carrying out short, simple instructions and appropriately interacting with the public and coworkers (Tr. Tr. 19, 485).

The ALJ accepted her diagnoses but limited plaintiff to superficial public contact.

*Dr. Bailey*

On July 6, 2007, Dr. Bailey reviewed the record (Tr. 487-503). He assessed four moderate limitations but opined plaintiff can do simple and some detailed tasks, follow one and two step instructions, get along with coworkers, have superficial public contact, and benefit from assistance with developing work related goals (Tr. 501-503). As noted, the ALJ adopted Dr. Bailey's limitation on public contact.

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 18-19). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.

1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ gave several clear and convincing reasons for his credibility assessment, including (1) daily activities inconsistent with reported significant limitations; (2) treatment has been routine and/or conservative; (3) plaintiff's failure to comply with medical treatment without explanation, and (4) inconsistently reporting alcohol use (Ct. Rec. 17-20).

(1) *Daily activities*. The ALJ observes plaintiff testified he has significant physical limitations, yet his reported daily activities do not reflect this (Tr. 19). In June 2007, about 15 months after onset and before his insurance expired, daily activities included playing games with a friend, feeding ducks in the park for 4-5 hours, going to the library to read magazines and listen to music via the internet, returning to the park, and finally going home to the House of Charity. He takes the bus to appointments and does laundry once a week (Tr. 19, 484-485). The ALJ is correct. Plaintiff's activities are inconsistent with a reported inability to walk one to three blocks, stand 30 minutes,

and sit 10-15 minutes (Tr. 37-40, 44).

(2) *Routine, conservative treatment*. In June 2006 plaintiff's pain is "pretty well controlled with pain medication" (Tr. 17, 185-186). In January 2007 an ER doctor found "there is no acute problem," and advised Mr. Nollen he would no longer be able to obtain pain medication in the ER (Tr. 17, 386). In July 2007, records show good pain relief with neurontin and hydrocodone (Tr. 19, Ex. 13F/5).

(3) *Noncompliance with medical treatment*. In March 2007 plaintiff was discharged from St. Luke's Rehabilitation Institution for unexplained failure to keep the last four appointments, between January 21 and March 15, 2007 (Tr. 18, 326-327).

(4) *Inconsistent reports of alcohol use*. Plaintiff's descriptions of alcohol use have been contradictory. In June 2007 he told Dr. Chandler he quit drinking two months ago, that is, in April 2007 (Tr. 483). Medical records show in May 2007, Mr. Nollen was denied pain medication because he drank a fifth of vodka that day (Tr. 18, Ex. 4F, 5F).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Burch v. Barnhart*, 400 F.3d 676,

681 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The minimal treatment afforded to claimant's impairment "fully support[ed] the ALJ's decision to discredit [claimant's] testimony and find that her impairment during the intervening period had not rendered her disabled before the expiration of her insured status." *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1464 (9th Cir. 1995).

The unskilled jobs identified by the VE are consistent with Dr. Bailey's opinion plaintiff is capable of simple and some detailed tasks, and is able to follow one to two step instructions. Mistakes that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" are harmless error. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The harm of an error is determined by "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessarily reach the same result on remand." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-1163 (9th Cir. 2008). The Commissioner is correct that any error is clearly harmless (ECF No. 13 at 10-13).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The Court finds the ALJ's assessment of the evidence is supported by the record and free of any harmful legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 12)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 10)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 7th day of June, 2011.

                                    s/ James P. Hutton
                                    JAMES P. HUTTON
                           UNITED STATES MAGISTRATE JUDGE